UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OSCAR CABA

.V.

UNITED STATES

CRIM. NO: 99-CR-45-ALL

## MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(B)(2)

## STATEMENT OF THE CASE

On May 26, 1999, in the United States District Court of the District of Rhode Island a federal grand Jury returned a six (6) count Superseding indictment against Mr. Oscar Caba. **Count One** charged that Mr. Caba Conspired with Mr. Manolo Vargas to possess with intent to distribute Heroin in violation of 21 U.S.C. § 841 (a)(1) and 21 U.S.C. § 846 **Count Two** charged that Mr. Caba and Mr. Vargas conspired to possess with intent to distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 **Count Three** charged that on or about Febuary 10, 1999, Mr. Caba and Mr. Vargas distributed 9.6 grams of heroin in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) and 18 U.S.C. § 2. **Count Four** charged that on or about March 26, 1999, Mr. Caba and Mr. Vargas possessed with intent to distribute 25.8 grams

of heroin in violation of 21 U.S.C § 841 (a)(1) and (b)(1)(C) and 18 U.S.C. § 2. **Count Five** charged that on or about March 26, 1999, Mr. Caba and Mr. Vargas possessed with intent to distribute 934 grams of Cocaine in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B)and 18 U.S.C. § 2. and finally **Count Six** charged that on or about March 26, 1999, Mr. Caba and Mr. Vargas possessed with intent to distribute 143.7 grams of Cocaine base in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A) and 18 U.S.C §2.

All charges in the indictment, were alleged to have occurred in the District of Rhode Island.

Mr. Caba seeks reduction or modification of his sentence pursuant to the 2007, Crack Cocaine Amendment Submitted to Congress on May 1, 2007. and made Retroactive on December 11, 2007.

On December 10, 2007, the Supreme Court decided **United States .V. Kimbrough**, 552 U.S.___,2007, Slip opinion No: 06-6330. 18 U.S.C. § 3582 (c)(1)(B)(2) states (c)-(**Modification oF an Imposed Term oF Imprisonment**- The Court may not modify a term of imprisonment once it has been imposed **except** that): (1) (in any case): (B) (the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by Statute or by Rule 35 of the Federal Rules of Criminal Procedure;). and (2)(in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or **On its own motion**, the Court may reduce the term of imprisonment, after considering the factors set Forth in 18 U.S.C. Section 3553 (a) to the extent that they are applicable,

if such a reduction is consistent with applicable policy Statements issued by the Sentencing Commission).

In **Rita .V. United States,** 551 U.S.___,___2007, (Slip op. at 12) (A District Court may consider arguments that "the Guidelines Sentence itself fails properly to reflect § 3553 (a) Considerations"). The district court at Mr. Caba's initial sentencing failed to take the Section 3553 (a) factors into consideration, and he moves this court to Consider them now in the Modification or reduction of his sentence.

Given all this, it would not be an abuse of discretion for this district court to conclude when sentencing this particular defendant that the crack-Powder disparity yeilded a sentence greater than necessary, to achieve Section 3553 (a) purposes, even in a mine-run case such as this one, in which Mr. Caba was found not guilty by his Jury on Count Six of his indictment, the only charge involving Cocaine-base.

If the 143.7 grams of Cocaine base that Mr. Caba was found not guilty by his Jury at trial had been calculated as powder cocaine its equivalent would have been **28.74 Kilograms of marijuanna** instead of **2,874 Kilograms of Marijuanna** under a Cocaine base equivalent Comparing the Guidelines for powder Cocaine for this 143.7 grams would produce an overall base offense level of 26 plus two levels for his leader organizer enhancement and two levels on his prior convictions for a total base offense level of 30 and a Criminal History Level III would produce a sentence of 121-151 months, compared to a overall level of 36 on the cocaine

base equivalent of 235-293. Mr. Caba was sentenced to the high-end of the guidelines 293 months, a 142 months increase.

At bear minimum with only the 2 level departure would be level 34 with a high-end Guideline of 235 months would be a 58 months reduction.

Respectfully Submitted,

OSCAR CABA #
FMC DEVENS, P.O. BOX 879
AYER, MASSACHUSETTS. 01432-0879

CERTIFICATE OF SERVICE

I, Oscar Caba hereby certify that I have served a true and correct copy of the following:

Which is seemed filed at the time it was deliver to prison authorities for forwarding, **Houston v. Lack, 101 L. Ed. 2d 245** ( 1988), upon the defendan[t]s and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to;

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

and deposited same in the United States Postal Mail at the 3 day of: 1/2008,

Oscar Caba
1/3/08