**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **OSCAR CABA** | |
| **.V.** | **CRIMINAL NO: 99-CR-45-ALL** |
| **UNITED STATES** | |

**MOTION FOR CONDITIONAL RELEASE PENDING FINAL DISPOSITION OF THE 18 U.S.C. § 3582 (C)(1)(B)(2)**

Equity powers can be invoked in aid of the court's exercise of its Jurisdiction. "An appeal to the equity Jurisdiction conferred on Federal district courts is an appeal to the sound discretion which guides the determination of courts in equity...Flexibility rather than rigidity has distinguished it.
The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs...**Hecht Co. .V. Bowles**, 321 U.S. 321, 329 (1944). Such powers can be invoked in any matter over which the court clearly has Jurisdiction, or in any ancillary matter, or in any case in which the court's Jurisdiction is arguable and has not yet been decided.

See: **Morrow**, 417 F.2d at 739-40. Here, there is no question that a Federal district court has Jurisdiction to reduce crack sentences and order the immediate release of crack offenders as of March 3, 2008. For those with earlier release dates, the court can order that release through its equitable powers pending a final adjudication on the defendant's **18 U.S.C. § 3582 (c)(1)(B)(2)** motion (which can be entered on March 3, 2008), either as an inherent part of its **18 U.S.C. § 3582 (C)(1)(B)(2)** Jurisdiction or as a matter ancillary to exercise of that Jurisdiction. Courts have long exercised ancillary Jurisdiction in criminal cases. See: **Garcia .V. Teitler**, 443 F. 3d 202, 207-08 (2nd cir. 2006). Although the precise boundaries of ancillary Jurisdiction have never been fixed, "[a]t its heart, ancillary Jurisdiction is aimed at enabling a court to administer Justice within the scope of its Jurisdiction." **Id** 208 (citations and internal punctuation omitted). The D.C. Circuit has held that ancillary Jurisdiction attaches where: (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.

**Morrow**, 417 F. 2d **at** 739-40. The power to order release pending adjudication on the merits of a **18 U.S.C. § 3582 (C)(1)(B)(2)** motion clearly fits within that test: timely release is an integral part of reducing a person's sentence, the release can be accomplished with no fact-finding beyond that required to adjudicate the **18 U.S.C. § 3582 (C)(1)(B)(2)** motion, is most analoguous to cases permitting a defendant to be release on bail pending adjudication of a habeas petition, which courts have found is an inherent aspect of the power to issue the writ. See: **Levy .V. Parker**, 396 U.S. 1204 (1969). **Mapp .V. Reno**, 241 F. 3d 221, 226 (2nd cir. 2001). **Landana .V. Rafferty**, 970 F. 2d 1230, 1239 (3rd cir. 1992). **Marino .V. Vasquez**, 812 F. 2d 499 (9th cir 1987). **In Re Wainwright**, 518 F. 2d 173, 175 (5th cir. 1975). **United States .V. Stewart**, 127 F. Supp. 2d 670, 671-72 (E.D. Penn. 2001). As in those cases, a defendant seeking release pending adjudication on the **18 U.S.C §** 3582 (C)(1)(B)(2) would have to show both special circumstances and a high probability of success. See: **Land .V. Deeds**, 878 F.2d 318, 319 (9th cir. 1989). **Martin .V. Solem**,801 F. 2d 324, 329 (8th cir 1986); **Calley .V. Calloway**, 496 F. 2d 701, 702, (5th cir. 1974). **Glynn .V. Donnelly**, 470 F. 2d 95, 98 (1rst cir. 1972). **Stewart**, 127 F. Supp. 2d at 672. Any defendant who can demonstrate that simply applying the **18 U.S.C. § 3553 (a)** factors and the Commission's approved two level reduction and the Supreme Court's discretion given back to Judges in **Kimbrough, .V. United States**, 128 S. Ct. 558, 566-69 (2007) would result in the immediate release of Mr. Caba.

**Given the commission's stated reasons for retroactive application and the discretion given back to Judges by** Kimbrough, Supra of the reductions ( to ameliorate overly harsh punishment and unwarranted disparity and to better serve **18 U.S.C. § 3553(a)** factors); its relatively unimportant reason for delaying retroactivity ( administrative ease) and the Statutory and Constitutional implications in failing to act. **Levy** 396 U.S. at 1205 (Douglas J.) (granting bail pending review on merits of Habeas petition where substantial issues were presented and defendant's sentence was due to expire in 12 days); **Marino** 812 F. 2d **at** 509 (approving bail where defendant did not pose risk of flight or danger to community, and where denial of bail could leave defendant without a remedy given the minimal time left on his sentence. **Calley .V. Calloway,** 497 F.2d 1384, 1385 (5th cir. 1974) (district court "didn't remotely abuse his discretion" in granting bail pending Habeas hearing where defendant had raised substantial issues and already served a substantial portion of his Sentence); **Boyer .V. City of Orlando,** 402 F.2d 966, 968 (5th cir. 1968). If the Court uses its discretion and gives Mr. Caba the relief argued for in his **18 U.S.C. § 3582 (C)(1)(B)(2)** he would be immediately released and he now moves for conditional release pending the resolution of his **18 U.S.C. § 3582(C)(1)(B)(2).**

Respectfully Submitted,

Oscar Caba

OSCAR CABA

CERTIFICATE OF SERVICE

I, Oscar Caba hereby certify that I have served a true and correct copy of the following:

Which is seemed filed at the time it was deliver to prison authorities for forwarding, **Houston v. Lack, 101 L. Ed. 2d 245 ( 1988)**, upon the defendan[t]s and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to;

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

and deposited same in the United States Postal Mail at the 1/30 day of: 2008,

Oscar Caba