IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OSCAR CABA

.V. CRIMINAL NO: 99-045-T

UNITED STATES

**MOTION FOR APPOINTMENT OF COUNSEL**

In any situation where new facts have to be Marshalled and new arguments have to be made in aid of the Court's sentencing decision, the Sixth Amendament requires the assistance of counsel. See: **Mempa .V. Rhay,** 389 U.S. 128 (1967). A number of Courts have held " pre-**Booker** " that there is no automatic right to counsel in a § 3582 (C)(2) proceedings but these court were careful to limit there holdings to situations where there was no need to marshal any facts in addition to those presented at the initial sentencing. See: **Legree,** 205 F. 3d at 730 ( due process did not require appointment of counsel in § 3582 (C)(2) proceeding where defendant did not allege ineffective assistance of counsel at or irregularities in original sentencing....).
Mr. Caba has repeatedly asserted that he was denied ineffective Counsel at sentencing and also alleged denial of his right to Jury

also alleged denial of his right to Jury trial to have the Jury decide the facts and not the Judge after **Booker, and** amended **§ 1B1.10 Mempa** Supra, requires counsel in § 3582 (C)(2) resentencing. Interestingly, no circuit has distinguished or even cited **Mempa** Supra, when finding that due process does not require the appointment of Counsel at a § 3582 (C)(2) proceeding. First there is no question that a § 3582 (C)(2) proceeding, as in **Mempa** Supra, defense Counsel is necessary to aid in calculating the revised guideline range and to argue the **Booker** requirements marshal the facts and evidence that pertain to the applicable § 3553 (a) factors, defend against any allegation that public safety or post-sentence conduct should result in a denial of the reduction or a lesser reduction, and assist the defendant in presenting his motion. See: **Mempa, at** 135.

Even if the Court does not permit the defendant to argue for more than a two-level reduction, he will still have to marshal new fact-based arguments to use or defend against the three matters listed in note **1(B)** of revised **§ 1B1.10.**

Thus **Mempa** requires counsel. In **Turnbow .V. Estelle,** 510 F. 2d 127, 129 (5th Cir. 1975); the Fifth Circuit relied on **Mempa** to find that a defendant who was sentenced outside of Counsel's present was denied his sixth Amendment right to Counsel...Key to the court's holding was the fact that although the court had no authority to alter the sentence, it did have discretion to grant credit for the approximately seven months the defendant spent in Jail awaiting trail. **Id at** 129. The possibility that this discretion might have been exercised in favor of **Turnbow** was sufficient to create a situation at sentencing

The same is true in a § 3582 (C)(2) resentencing where the District Court can exercise discretion in favor of or against the Defendant.

Therefore Mr. Caba respectfully moves this Court for the appointment of Counsel in this § 3582 (C)(2) proceedings to protect his Substantial rights.

Respectfully Submitted,

3/4/08

OSCAR CABA # 04697-070
FMC DEVENS, P.O. BOX 879
AYER, MASSACHUSETTS 01432-0879

CERTIFICATE OF SERVICE

I, Oscar Caba hereby certify that I have served a true and correct copy of the following:

Which is seemed filed at the time it was deliver to prison authorities for forwarding, **Houston v. Lack, 101 L. Ed. 2d 245** ( 1988), upon the defendan[t]s and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to;

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

and deposited same in the United States Postal Mail at the 4 day of: March 2008,

Oscar Caba 3/4/08