IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OSCAR CABA

.V.

UNITED STATES

CRIMINAL NO: 99-045-T

**MOTION IN OPPOSITION TO GOVERNMENT'S OBJECTION TO DEFENDANT'S CONDITIONAL RELEASE AND DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR ANOTHER EXTENTION OF TIME**

Movant Caba combines his motions for opposition to both of the government's motion.

(1). February 28, 2008, labeled motion for extention of time and (2). Government's objection to defendant's motion for conditional release pending final disposition of the **18 U.S.C. § 3582** (C)(2).

This opposition response is combined in that it will better serve Judicial economy and that the issues raised by the government in both similar as well as patently frivolous.

On the motion for an extention of time by the government because Caba's case involves multiple drugs is frivolous for the following.

The cocaine base was the greater sentence and the cocaine powder calculations are contained in Caba's initial 18 U.S.C § 3582 (C)(1)(B)(2) motion. Which § 3582 (C)(2) proceedings do not constitute full resentencing their purposes is to give the defendant a new sentence. This resentencing, while limited in certain respects, still results in the Judge calculating a new guideline range and considering the § 3553(a) factors and issuing a new sentence based on the guidelines. See: **U.S. .V. Hicks**,472 F.3d 1167, 1171, ( 9th Cir. 2007).

So the Government's argument that the government needs 30 additional days to calculate the other controlled substances is frivolous and is nothing more that a stall tactic on the part of the government attorney. Delaying until March 3, 2008, the release of defendant Caba who should be released earlier is inconsistent with : 3553(a), which requires sentencing Courts to impose a sentence that is " Sufficient but not greater than necessary " to satisfy the purposes of sentencing.

Furthermore, conditional release would not deprive the government of any rights ( the government has neither a "right" nor an interest in over-punishing defendant's).

Failing to act in the release of Mr. Caba the Court should consider the Statutory and Constitutional implications in failing to act. See: **Levy .V. Parker,** 396 U.S. 1204 (1969); **Mapp .V. Reno**, 241 F. 3d 221, 226, ( 2nd Cir. 2001); See also **Glynn .V. Donnelly,** 470 F. 2d 95, 98, ( 1rst Cir. 1972).

Now considering the government's objection to Caba's motion for conditional release, which Mr. Caba states is also frivolous and

avers as follows:

Nothing in the Statutory Language of § 3582 (C)(2) requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence.

Rather, the Statute requires that the defendant's sentence was " based on " a sentencing range that has subsequently been lowered. All Crack sentences were " based on " the Crack guideline's sentencing ranges because those ranges represented the starting point of every sentencing pre-and post-**Booker**. A sentencing Court;s authority to reopen, and if appropriate, reduce a sentence under § 3582 (C)(2) is triggered when the sentence was " based on " a sentencing range that has subsequently been lowered by the sentencing commission pursuant to its power to review and revise....the guidelines." The Crack amendment clearly fits within that description and there can be no doubt that Jurisdiction of the sentencing Court has been triggered in this case.

Finally, **Booker,** makes clear that the guidelines are no longer mandatory in any context.

Its effect is not restricted to a **de novo** resentencing. **Booker,** was not a mere Statutory change which can be set aside to allow this court to pretend it is March 31, 2000, for the purpose of modifying Mr. Caba's Sentence.

Rather, it provides a Constitutional standard which Courts may not ignore by treating guidelines ranges as mandatory in any context. Thus, to the extent that the policy statements in the Guidelines are inconsistent with **Booker,** by requiring the guidelines be treated

as mandatory in any context must give way to the Constitutional Standard announced by the Supreme Court in **Booker,.**
See: **U.S. .V. Hicks,** 472 F. 3d **at** 1173 ( 9th Cir. 2007).
Therefore, Mr. Caba states he is entitled to a resentencing according to the advisory regime pursuant to **United States .V. Booker,** Which prohibits any upward guideline adjustments based on Judicial facts finding. Therefore, Mr. Caba states that he be released on conditional release because his guidelines range based on **Booker,** would be 63-78 months.
Mr. Caba has participated in the Companion program for chronically Ill inmates and also the suicide watch program and has completed his G.E.D. and served other Education programs and is including a letter from his Unit Team concerning his conduct while being incarcerated. Mr. Caba's charging Statute is **21 U.S.C. § 841** (b)(1)(B), which has a mandatory minimum of five years and a maximum of forty years. This Court has discretion to sentence Mr. Caba to five years and Mr. Caba would not be deported; See **Mandarino .V. Ashcroft,** 290 F. Supp. 2d 253, 258 n.3 ( D. Conn. 2002).
Therefore, Mr. Caba throws himself on the mercy of this Court and moves this Court to Sentence him to the Minimum Sentence to keep him from being deported and work a manifest in Justice on this Defendant. Mr. Caba has been in this Country since he was 1½ years old, his Mother is a Citizen of this Country all of his family ties are in this country and he has three Children over here.
Also § 3582 (C)(2) requires the Court to consider the § 3553 (a), factors and Mr. Caba family ties is one of those factors.

Mr. Caba states that both motions from the government are frivolous and Mr. Caba strenuously object to any more extentions in this case are nothing but a stall tactic by the government attorney.

Respectfully Submitted,

Oscar Caba 3/4/08

OSCAR CABA # 04697-070
FMC DEVENS, P.O. BOX 879
AYER, MASSACHUSETTS 01432-0879

CERTIFICATE OF SERVICE

I, Oscar Caba hereby certify that I have served a true and correct copy of the following:

Which is seemed filed at the time it was deliver to prison authorities for forwarding, **Houston v. Lack, 101 L. Ed. 2d 245** ( 1988), upon the defendan[t]s and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to;

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

and deposited same in the United States Postal Mail at the 4 day of: March 2008,

Oscar Caba 3/4/08