IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 99-045T |
| | : | |
| OSCAR CABA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Introduction

The defendant, Oscar Caba (Caba), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Caba's motion is grounded upon 2007 amendments to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine. The amendments were also made retroactive pursuant to U.S.S.G. § 1B1.10 as of March 3, 2008.

Following an investigation by the Drug Enforcement Administration (DEA), Caba was arrested on March 26, 1999 pursuant to a complaint and warrant charging Caba with trafficking in heroin. In conjunction with the arrest, the DEA conducted searches at Caba's home and the home of his co-defendant/co-conspirator/underling, Manolo Vargas. Following indictment by the Federal Grand Jury, a Superseding Indictment was returned on May 26, 1999. The government filed a sentencing enhancement information pursuant to 21 U.S.C. § 851 against Caba prior to trial. Caba proceeded to trial. The jury returned guilty verdicts against Caba on

Counts I - V in the indictment on December 21, 1999.[1] The jury returned a not guilty verdict on Count VI charging Caba with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Caba's sentencing guidelines calculation was set at Offense Level 36, Criminal History Category III.[2] The sentencing range was 235-293 months imprisonment. He was sentenced on March 31, 2000 to the maximum under the guidelines range - 293 months imprisonment - and eight years supervised release. The Court also ordered that Caba be surrendered to immigration authorities for deportation proceedings as a condition of his supervised release. At present, his projected release date by the Bureau of Prisons is July 3, 2020.

Caba claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range is 188-235 months imprisonment. However, Caba also raises the issue that he is entitled to a new sentencing hearing under Kimbrough v. United States, 128 S.Ct. 558 (2007) and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). He argues that through the application of Kimbrough and Booker, the Court should exercise its discretion and sentence Caba to five years imprisonment and order that he not be deported.

---

[1] Count I charged conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Count II charged conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Count III charged distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count IV charged possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count V charged possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

[2] Under the Presentence Investigation Report, Caba was responsible for 35.4 grams of heroin, 1036.77 grams of cocaine powder (which included a conversion of $4,350 to cocaine powder), and 143.7 grams of cocaine base. His base offense level was 34. Caba also received a two-level increase for role in the offense, for a total offense level of 36.

Argument

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They are effective March 3, 2008. Section 1B1.10 states, in part:

(a) Authority. -

(1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment. -

(1) In General. - In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction. -

(A) In General. - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

Under U.S.S.G. § 2D1.1, as amended, certain steps apply for determining the base offense level in offenses involving crack cocaine and one or more other controlled substances. First, the base offense level for the quantity of cocaine base involved in the offense is determined. Second, using a marijuana equivalency table, the quantity of cocaine base involved in the offense is converted to a quantity of marijuana. Third, the marijuana equivalency for the other controlled substances is determined. Fourth, the marijuana equivalency for the cocaine base and the marijuana equivalency for the other controlled substances are added together. Under the Drug

Quantity Table in § 2D1.1, this total amount of marijuana provides the combined base offense level. See, U.S.S.G. § 2D1.1 comment. n.10(D).

These calculations as applied to Caba are as follows:

1) The Drug Equivalency Table assigns a base offense level of 30 for 143.7 grams of cocaine base. U.S.S.G. § 2D1.1(c)(5).

2) Under the Marijuana Equivalency Table found at Note 10(D) of § 2D1.1, for a base offense level of 30, each gram of cocaine base is converted to 14 kilograms of marijuana. The conversion of 143.7 grams of cocaine base to marijuana results in 2011.8 kilograms of marijuana.

3) Heroin in the amount of 35.4 grams converts to an amount of marijuana equivalent to 35.4 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

4) Cocaine powder in the amount of 1036.77 grams converts to an amount of marijuana equivalent to 207.354 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

5) The total amount of marijuana equivalency is 2254.554 kilograms. Under the Drug Quantity Table of § 2D1.1(c)(4), 2254.554 kilograms of marijuana has a base offense level of 32.

Taking into account the original upward adjustment of two levels for role in the offense, Caba's total offense level appears to be 34 as calculated under the amendments. With a Criminal History Category III, the guideline range is 188-235 months imprisonment.[3]

[3] While Caba has provided what appears to be a Progress Report dated March 4, 2008 from FMC Devens, the government does not believe that the United States Probation Office has prepared at this time an updated report on Caba which would assist the Court in determining whether, and to what extent, to grant a reduction.

This, however, does not end the matter. The reduction is not axiomatic. The Court retains its discretion as to whether a reduction should be allowed. That discretion is found within the words of § 3582(c)(2) which states that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). Several Circuits agree that the Court acts within its discretion in deciding a motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

In the exercise of that discretion, the Court engages in a two-step process. First, the Court substitutes the amended guideline range for the original guideline range and determines what sentence it would have imposed. In doing so, all other original guidelines decisions remain intact. Second, the Court considers the 18 U.S.C. § 3553(a) factors and determines whether or not to grant the reduction. Vautier, 144 F.3d at 760.

Pursuant to subsections (i), (ii) and (iii) to Application Note 1(B) to U.S.S.G. § 1B1.10, the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations (subsection (ii)), and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative (subsection (iii)). Subsections (i), (ii) and (iii) all state, however, that these factors are relevant in determining whether and by how much to reduce a sentence only within the limits set forth in U.S.S.G. § 1B1.10(b).

It is that section, U.S.S.G. § 1B1.10(b), which sets the floor for any reduction in sentence. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in § 1B1.10(b)(2) that, with one exception,[4] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement *to a term that is less than the minimum of the amended guideline range determined under subdivision (1)*." U.S.S.G. § 1B1.10(b)(2)(A). (emphasis added). Application Note 3 to § 1B1.10 confirms the point:

> Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).[5]

---

[4] The exception, not applicable here, is set forth in § 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was *less* than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate." (emphasis added). Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

[5] Application Note 3 to Section 1B1.10 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Accordingly, if this Court decides to reduce the defendant's sentence, the extent of the reduction is strictly limited -- here, because the sole exception does not apply, to the low-end of the new guideline range.

As noted above, Caba's original guideline range was 235-293 months imprisonment. Applying the amendments, the new range would be 188-235 months. The Court has discretion to reduce the sentence from 293 months, but not below 188 months, the low end of the new guideline range.

Caba argues that under Kimbrough, this Court may consider a further reduction in his sentence beyond the low end of the new guideline range. The defendant is simply wrong. Neither Kimbrough, nor, for that matter, Booker which made the Guidelines advisory in the first place, may be applied in a § 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range.

In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed; under 28 U.S.C. § 994(u), when the Commission amends the Guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be

given retroactive effect." Braxton v. United States, 500 U.S. 344, 348 (1991) (citing § 994(u); (emphasis omitted). Correspondingly, § 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, under the express statutory language of §§ 994(u) and 3582(c)(2), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding. See United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in U.S.S.G. § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

As explained above, those binding policy statements set strict limits on the extent of any reduction in sentence, and those limits leave no room for any further reduction under Booker or Kimbrough. Indeed, U.S.S.G. § 1B1.10(a)(3) expressly provides: "Limitation.- Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." See also United States v. Bravo, 203 F.3d 778, 781 (11th Cir.) (§ 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'") (quoting United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997)); see also United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002); United States v. Jordan, 162 F.3d 1, 4 (1st Cir. 1998); United States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996). In short, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence.

Nothing in Booker changes the analysis. Booker applies to full sentencing hearings -- whether in an initial sentencing or in a resentencing where the original sentence is vacated for

error. The Booker Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b). It also excised the related provision on appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to § 3553(b) and therefore was not excised by Booker. Nor is there anything else in Booker that directly addresses § 3582 proceedings.

Section 3582(c)(2)'s direction that the Court "shall consider the factors in section 3553(a) to the extent that they are applicable" does not aid Caba. Although one of the factors in § 3553(a) is the guideline range, and Booker made that range advisory, the still-valid statutory language in § 3582(c)(2) requires courts to consider the § 3553(a) factors (including the guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission." Again, the Commission has made clear that courts are to consider the § 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only *within the limits*" of § 1B1.10. U.S.S.G. § 1B1.10, Application Note 1(B)(i) (emphasis added).

Nor is Kimbrough any help to the defendant. That decision simply reaffirmed Booker's remedial holding that the guidelines are advisory and that sentences are subject to appellate review for reasonableness, and proceeded to apply that remedial holding to the question before it. See Kimbrough, 128 S.Ct. at 564, 573-575. Because, as explained above, Booker does not apply to § 3582(c) proceedings, the application of Booker's remedial opinion in Kimbrough does not apply in such proceedings either.

The conclusion that Booker does not apply in proceedings under § 3582(c)(2) is consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255. See Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 613-16 (3rd. 2005); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 602-05 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); In re Fashina, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be strange indeed if courts interpreted the congressional scheme in § 3582(c)(2), which provides for much more limited relief than § 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full Booker resentencing.

Furthermore, given that Booker does not apply to the many defendants whose sentences were final when Booker was decided, it would be unfair to apply Booker to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous

additional cost and effort in resentencing tens of thousands of inmates, even though § 3582(c)(2) by its terms does not authorize a full resentencing.

Finally, as a brief aside, Caba's request for a five year term of imprisonment completely ignores that under Counts II and V, the sentencing enhancement information exposed Caba to a mandatory minimum term of imprisonment of ten years imprisonment.

In sum, while this Court should consider the § 3553(a) factors in determining whether and to what extent to reduce the defendant's sentence, it must abide by the limitations on sentencing reductions directed by Congress. Here, that limitation is the low end of the defendant's new guideline range. Neither Booker nor Kimbrough affect that limitation, and there is no authority for this Court to revisit its earlier sentencing determinations beyond determining what sentence *within the new guideline range* should be imposed.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No.1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 11th day of March, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the Within Government's Response To Defendant's Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2), to:

Oscar Caba
Reg. # 04697-070
FMC Devens
P.O. Box 879
Ayer, MA 01432-0879

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No.1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov