IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 99-045T |
| | : | |
| OSCAR CABA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL

In connection with his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), Caba moves that this Court appoint counsel to represent him.

After final conviction, the decision to appoint counsel rests in the sound discretion of the Court. Dirring v. United States, 353 F.2d 519, 520 (1st Cir. 1965). In the exercise of that discretion, the Court should not appoint counsel for Caba for the following reasons.

First, Caba did not seek the appointment of counsel for the purpose of filing his § 3582(c)(2) motion. Rather, he has elected to proceed pro se, filing both a § 3582(c)(2) motion and a motion for release pending a ruling by This Court. Caba has made his arguments. Unless the Court were to proceed to hearing on Caba's motion, nothing remains to be done except to rule on his motion. Counsel is not required for that purpose.

Second, Caba has no Sixth Amendment right to counsel in connection with a § 3582(c) motion. It is "well settled that 'a criminal defendant has no right to counsel beyond his first appeal.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991)). Several Courts have held that a defendant does not have a Sixth Amendment right to counsel in connection with a § 3582(c) motion filed after a

defendant's direct appeal has concluded. See, e.g., Legree, 205 F.3d at 730; United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). See also United States v. Gilliam, 513 F.Supp.2d 594, 598 (W.D. Va. 2007). "[A] proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999). Even Federal Rule of Criminal Procedure 43(b)(4), which does not require the presence of a defendant when the proceeding involves the reduction of sentence under 18 U.S.C. § 3582(c), is further indication that a § 3582(c) motion is not a proceeding to which all Constitutional rights must apply.

Finally, a defendant has no statutory right to counsel in connection with a § 3582(c) motion. The pertinent statutory provision, the Criminal Justice Act, 18 U.S.C. § 3006A(c), states in relevant part: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." Several Courts have rejected the argument that a § 3582(c) motion is an "ancillary matter" referenced in Section 3006A(c) and have held that there is no statutory right to counsel in connection with the filing of a § 3582(c) motion. See, e.g., Whitebird, 55 F.3d at 1010 (defendant has no statutory right to counsel in connection with a § 3582(c) motion because such a motion is not an "ancillary matter" under § 3006A); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995) (same); Dirring, 353 F.2d at 520.

Based upon the foregoing, Caba's request for the appointment of counsel should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 11th day of March, 2008, I electronically filed, as well as served by ordinary mail, postage prepaid, the Within Government's Response To Defendant's Motion For Appointment Of Counsel, to:

Oscar Caba
Reg. # 04697-070
FMC Devens
P.O. Box 879
Ayer, MA 01432-0879

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov